1

2

3

4                   UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6                        SAN JOSE DIVISION

7

8    LILLIANA HERNANDEZ,                    Case No.  20-cv-03633-EJD

           Plaintiff,
9                                           **ORDER DENYING MOTION TO
       v.                                   REMAND**
10
                                            Re: Dkt. No. 18
     ARAMARK FOOD AND SUPPORT
11   SERVICES GROUP, INC.,

12          Defendant.

13

14          This is an individual wage and hour suit brought by Plaintiff Lilliana Hernandez against

15   Defendant Aramark Food and Support Services Group, Inc., alleging various violations of the

16   California Labor Code and the California Business and Professions Code.  Defendant removed the

17   case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a).  Presently before the

18   Court is Plaintiff's Motion to Remand this case back to the Superior Court of California for the

19   County of Santa Clara.  Having considered the parties' submissions, the record in this case, and

20   the applicable law, the Court will DENY the motion to remand.

21   **I.     BACKGROUND**

22          On April 1, 2020, Plaintiff Lilliana Hernandez commenced this action in the Superior

23   Court of California for the County of Santa Clara.  *See* Dkt. No. 1, Exhibit A ("Compl.").  In her

24   Complaint, Plaintiff alleges that she was employed by Defendant Aramark Food and Support

25   Services Group, Inc. ("Aramark Food") as a non-exempt hourly employee beginning in April

26   2015.  Compl. ¶ 11.  She further alleges that, on average, she worked five days a week, "from 6:30

27   a.m. till 2:30 p.m." *Id.* ¶ 12.  The Complaint states that Plaintiff "is no longer employed by

28   Case No.: 20-cv-03633-EJD
     ORDER DENYING MOTION TO REMAND
                                    1

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    Defendant[] as she was fired," but does not specify when the firing occurred.  *Id.* ¶ 71.

2        Plaintiff alleges that during the period of her employment, Defendant committed various

3    violations of California's wage and hour laws.  Specifically, the Complaint contains eight claims:

4    (1) failure to pay minimum wages in violation of multiple provision of the California Labor Code,

5    Compl. ¶¶ 30-43; (2) failure to pay wages and overtime in violation of California Labor Code

6    § 510, *id.* ¶¶ 44-53; (3) failure to give adequate rest breaks in violation of California Labor Code

7    § 226.7, *id.* ¶¶ 54-60; (4) failure to give adequate meal periods in violation of California Labor

8    Code § 226.7, *id.* ¶¶ 61-65; (5) unlawfully receiving and/or collecting wages from an employee in

9    violation of California Labor Code § 221, *id.* ¶¶ 66-69; (6) failure to timely pay all wages due

10   upon termination in violation of California Labor Code § 203, *id.* ¶¶ 70-75; (7) failure to

11   reimburse necessary business expenses in violation of California Labor Code § 2802, *id.* ¶¶ 76-80;

12   (8) violation of California Business & Professions Code §§ 17200 *et seq.*, *id.* ¶¶ 81-91.

13       On June 1, 2020, Defendant removed the case to federal court based on diversity

14   jurisdiction, 28 U.S.C. § 1332.  Dkt. No. 1 (notice of removal, "Notice").

15       On June 24, 2020, Plaintiff filed the instant motion to remand.  Dkt. No. 18 ("Mot.").  The

16   motion has now been fully briefed, *see* Dkt. No. 22 ("Opp."), Dkt. No. 24 ("Reply"), and is

17   suitable for decision without oral argument.  *See* N.D. Cal. Civ. L.R. 7-1(b).

18   **II.    LEGAL STANDARD**

19       A defendant sued in state court may remove the action to federal court only if the action

20   could have been brought in federal court in the first instance.  28 U.S.C. § 1441(a); *Gonzales v.*

21   *CarMax Auto Superstores*, LLC, 840 F.3d 644, 648 (9th Cir. 2016).  "If at any time before final

22   judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

23   remanded."  28 U.S.C. § 1447(c).

24       The only jurisdictional basis alleged here is diversity jurisdiction under 28 U.S.C. § 1332,

25   "which requires complete diversity among the parties and an amount in controversy in excess of

26   $75,000."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).  Because the

27   party seeking removal bears the burden of establishing jurisdiction, the defendant must show that

28   Case No.: 20-cv-03633-EJD
     ORDER DENYING MOTION TO REMAND

1    these statutory requirements are met.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th

2    Cir. 2010).

3    **III.   DISCUSSION**

4          Plaintiff's motion challenges the propriety of removal on two bases[1]: (1) lack of complete

5    diversity, and (2) failure to establish the requisite amount in controversy.  For the following

6    reasons, the Court finds that the Defendant has met its burden of showing both elements.

7          **A.    Complete Diversity**

8          In her motion, Plaintiff argues that there is not complete diversity in this case because

9    Plaintiff and Defendant are both citizens of California.  Mot. at 6.

10          Under 28 U.S.C § 1332(c)(1), a corporation is a citizen of every state in which it has been

11    incorporated and the State where it has its "principal place of business."  Plaintiff does not dispute

12    that Defendant is a citizen of Delaware, the state where it is incorporated.  Notice ¶ 12.  Despite

13    Defendant's assertion that its principal place of business is in Pennsylvania, however, Plaintiff

14    believes Defendant's principal place of business is in fact in California.  *Id.*  Plaintiff bases her

15    belief on the "place of operation test," which "locates a corporation's principal place of business in

16    the state which contains a substantial predominance of corporate operations."  *Id.* (quoting *Tosco*

17    *Corp. v. Communities for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001)).  Because Defendant

18    has not provided the Court with information on the amount of business activity in each state,

19    Plaintiff says, Defendant has not met its burden of showing that Pennsylvania is its principal place

20

21

22    [1] Pursuant to 28 U.S.C. § 1446(b), a removal petition must be filed within 30 days after the
defendant is served with the relevant pleading.  In its notice of removal, Defendant states that
Plaintiff served the Complaint upon its registered agent on April 30, 2020.  Notice ¶ 3.  The notice

23    of removal was filed with this court on June 1, 2020—32 days after April 30, 2020.  Hence,
despite Defendant's assertion that removal was "timely filed within thirty days of service of the

24    Summons, Civil Case Cover Sheet and Complaint," Notice ¶ 44, it was not.  Plaintiff does not
raise this defect in her motion, however.  Although the 30-day time limit is "mandatory," it is "a

25    formal and modal requirement and is not jurisdictional."  *Fristoe v. Reynolds Metals Co.*, 615 F.2d
1209, 1212 (9th Cir. 1980).  Consequently, a party may waive a timeliness defect by failing to

26    object, *id.*, and this Court lacks the discretion to remand the case *sua sponte* on that ground.
*Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir.

27    2003) ("[T]he district court cannot remand sua sponte for defects in removal procedure.); *accord*
*Jasper v. Maxim Integrated Prod., Inc.*, 108 F. Supp. 3d 757, 764 n.4 (N.D. Cal. 2015).

28    Case No.: 20-cv-03633-EJD
ORDER DENYING MOTION TO REMAND

United States District Court
Northern District of California

3

1  of business.  *Id.* at 9.

2  As Defendant points out, however, the Supreme Court has invalidated the "place of

3  operation test" for a corporation's "principal place of business."  *Hertz Corp. v. Friend*, 559 U.S.

4  77, 92–93 (2010).  Under *Hertz* and its progeny, the principal place of business" is "the place

5  where a corporation's officers direct, control, and coordinate the corporation's activities—i.e., the

6  corporation's "nerve center."  *Id.*  The Supreme Court noted that this is ordinarily the

7  corporation's headquarters, *id.*, and courts have since routinely confirmed the same, *see, e.g.*,

8  *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1230 (9th Cir. 2011); *Guerrero v.*

9  *Caliber Home Loans, Inc.*, No. 16-CV-01519-BLF, 2016 WL 4376740, at *2 (N.D. Cal. Aug. 17,

10  2016).

11  Defendant states that its headquarters are located in Philadelphia, Pennsylvania, and that

12  these headquarters are "from where its executives and officers direct, control, and coordinate its

13  nationwide operations."  Opp. at 1; Notice ¶ 12.  Defendant substantiates its claim with affidavits

14  from Amy Golembo, an employee in Defendant's Legal Department, and Richard Zakrzwski, an

15  Associate Vice President in Defendant's Finance Department, in support of that contention.  *See*

16  Dkt. No. 1-1 ("Golembo Decl.") ¶ 3; Dkt. No. 22-1 ("Zakrzwski Decl.") ¶¶ 5-7.  These affidavits

17  attest, *inter alia,* that the "overwhelming majority of Aramark Food's officers and executives"—

18  including the offices of the Chief Executive Officer, Corporate Secretary, Chief Financial Officer,

19  and Chief Operating Officer—are based out of the Company's Philadelphia, Pennsylvania

20  offices."  *Id.* ¶ 5.

21  Plaintiff does not dispute this evidence.  Indeed, and perhaps unsurprisingly, Plaintiff's

22  reply appears to abandon her attempt to contest Defendant's citizenship.

23  The Court therefore finds that Defendant has met its burden of showing that it is a citizen

24  of Pennsylvania and Delaware—the state where it is incorporated—and not of California.  The

25  complete diversity requirement is satisfied.

26  **B.    Amount in Controversy**

27  Plaintiff next attacks Defendant's removal for failure to adequately show that the amount

28  Case No.: 20-cv-03633-EJD
ORDER DENYING MOTION TO REMAND

United States District Court
Northern District of California

4

1    in controversy exceeds $75,000.  Mot. at 9.

2           "Among other items, the amount in controversy includes damages (compensatory,

3    punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded

4    under fee-shifting statutes or contract."  *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785,

5    794 (9th Cir. 2018).  In this case, Defendant's calculation of the amount in controversy

6    incorporates (1) damages and (2) attorneys' fees.  *See* Notice ¶¶ 20-43.

7           The Court begins with the parties' estimates of damages.  In this regard, "courts first look

8    to the complaint."  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

9    "[T]he sum claimed by the plaintiff" generally controls "if the claim is apparently made in good

10   faith."  *Ibarra*, 775 F.3d at 1197 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

11   283, 289 (1938)).  Plaintiff's Complaint, however, does not seek a specific amount in damages.

12   "Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the

13   requisite amount in controversy is pled, the removing defendant bears the burden of establishing,

14   by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional

15   threshold."  *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (internal

16   citations and quotation marks omitted).

17          In determining whether the defendant has met its burden, the court considers the

18   complaint, allegations in the removal petition, and "summary-judgment-type evidence relevant to

19   the amount in controversy at the time of removal."  *Fritsch v. Swift Transp. Co. of Az., LLC*, 899

20   F.3d 785, 794 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.

21   2005)).  A settlement letter may also be "relevant evidence of the amount in controversy if it

22   appears to reflect a reasonable estimate of the plaintiff's claim."  *Cohn v. Petsmart, Inc.*, 281 F.3d

23   837, 840 (9th Cir. 2002).

24          Here, the parties offer competing estimates of the potential damages, should Plaintiff

25   prevail.  In its notice of removal, Defendant calculated the damages as follows.  Defendant

26   estimated the amount of each of six categories of damages:

27

28   Case No.: 20-cv-03633-EJD
     ORDER DENYING MOTION TO REMAND

5

United States District Court
Northern District of California

United States District Court
Northern District of California

| Category | Amount | Source |
|---|---|---|
| Unpaid overtime wages earned off-the-clock (Count 2) | $23,588.25 | Notice ¶¶ 20-21. |
| Unpaid minimum wages (Count 1) | $4,072.50 | Notice ¶¶ 22-24. |
| Liquidated damages re unpaid minimum wages (Count 1) | $2,756.25 | Notice ¶¶ 25. |
| Premiums for failure to provide rest breaks (Counts 3) | $12,580.40 | Notice ¶¶ 26-30 |
| Premiums for failure to provide meal breaks (Count 4) | $12,580.40 | Notice ¶¶ 26-30 |
| Unpaid business expense reimbursement (Count 7) | $525.00 | Notice ¶¶ 31-33 |
| Penalties for failure to pay all wages upon termination (Count 6) | $4,360.80 | Notice ¶¶ 34-35 |
| **TOTAL** | **$60,463.60** | |

In support of each estimate, Defendant provides detailed explanations of the assumptions and calculations used. For instance, to calculate premiums for failure to provide rest breaks, Defendant noted that its records indicate Plaintiff's employment ended on or around March 20, 2019. Notice ¶ 21. Defendant assumed that Plaintiff missed five rest periods per week for each of the 154 workweeks that Plaintiff was employed during the relevant statute of limitations period. *Id.* ¶¶ 28, 30 (citing *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094 (2007) for the four-year limitations period). Because "Plaintiff could recover a premium payment equal to one hour of pay for each . . . rest break that was not provided," Defendant multiplied the number of missed rest periods by Plaintiff's average hourly pay rate. *Id.* ¶¶ 27-28, 30. (citing Cal. Labor Code § 226.7; *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012)). Defendant calculated and used an average hourly pay rate for each year. *Id.* ¶ 28. Defendant repeated the same calculation for meal periods. *See id.* ¶ 29.

Plaintiff objects that Defendant has overinflated the potential compensatory damages and penalties. Specifically, she takes issue with Defendant's assumption that rest break and meal period violations occurred five times per week. Reply at 4-5. In support of her contention that damages are lower, she cites the calculation she provided to Defendant in a settlement letter dated

Case No.: 20-cv-03633-EJD
ORDER DENYING MOTION TO REMAND

1  June 12, 2020.  There, she estimated total damages as follows[2]:

| Category | Amount |
|---|---|
| Unpaid minimum wages (Count 1) | $8,940.12 |
| Liquidated damages re unpaid minimum wages (Count 1) | $8,940.12 |
| Premiums for failure to provide rest breaks (Counts 3) | $12,771.60 |
| Premiums for failure to provide meal breaks (Count 4) | $12,771.60 |
| Penalties for failure to pay all wages upon termination (Count 6) | $4,000.00 |
| **TOTAL** | **$47,423.44** |

Mot. at 11; Dkt. No. 18-1 ("Rothman Decl.") ¶ 9.  Yet, Plaintiff's estimates for each category

actually appear to be *higher* than the ones offered by Defendant.  In particular, though she attacks

the assumption Defendant used to calculate premiums for missed rest breaks and premiums for

missed meal periods, her estimate of those amounts is $12,771.60 compared to Defendant's

$12,580.40.  Consequently, substituting Plaintiff's calculations for Defendant's in those categories

would not reduce the total amount in controversy.

Instead, Defendant's total damages estimate is higher than Plaintiff's because it includes

potential damages for Count 2, unpaid overtime wages earned off-the-clock, and Count 7, unpaid

business expense reimbursement.  Those claims are omitted entirely from Plaintiff's calculations.

Meanwhile, Plaintiff does not specifically challenge Defendant's calculation of the damages for

Counts 2 and 7, nor does she justify excluding them from her total damages estimate.  Having

reviewed Defendant's calculations, moreover, the Court is satisfied that they are grounded in the

Complaint's allegations and "real evidence," such as Plaintiff's average hourly pay rates.  *Ibarra*,

775 F.3d at 1198; *see* Notice ¶¶ 20-21; 31-33.

---

[2] Plaintiff's original estimate included an additional $4,000 for "Labor Code § 226 Penalties."
However, she now says that this was an error, as "Labor Code 226 penalties were not alleged in
the Complaint."  Mot. at 12.  Because Defendant does not argue for their inclusion—and indeed
has made an unopposed motion to strike the sole reference to California Labor Code § 226 in the
Complaint, *see* Dkt. No. 9 at 3, Dkt. No. 16 at 3—the Court has excluded the $4,000.

Case No.: 20-cv-03633-EJD
ORDER DENYING MOTION TO REMAND

United States District Court
Northern District of California

1      Hence, Plaintiff's contention that Defendant's $60,463.60 estimate of total damages is too

2  high is wholly unsupported.

3      Besides, even if the Court were to accept Plaintiff's $47,423.44 estimate of total damages,

4  the amount in controversy requirement would be satisfied once reasonable attorneys' fees are

5  added.

6      In her motion, Plaintiff estimates that $8,977.50 in attorneys' fees—representing 19.90

7  hours of attorney work by Mr. Rothman or Mr. Yeremian— have accrued up to this point in the

8  litigation.  Mot. at 10.  She argues that any further attorneys' fees are too speculative and should

9  not be counted toward the amount in controversy.  *Id.* at 9-11.

10      But the Ninth Circuit has made clear that future attorneys' fees recoverable by statute or

11  contract are to be considered in determining whether the amount in controversy is met.  *Fritsch v.*

12  *Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  The "mere futurity" of

13  attorneys' fees and costs does not preclude them from being included.  *Id.*  And although an

14  estimate of future attorney fees may, at times, be "too speculative because of the likelihood of a

15  prompt settlement," such fees are not "inherently speculative" and should be included in

16  appropriate cases.  *Id.* at 794-95.

17      In this case, Defendant need only prove out a modest amount of future attorneys' fees to

18  establish jurisdiction.  Specifically, taking Plaintiff's damages estimate of $47,423.44 and past

19  attorneys' fees estimate of $8,977.50, a mere $18,600 in future attorneys' fees would be sufficient

20  to meet the $75,000 amount in controversy requirement.

21      The Court is persuaded that Defendant has sufficiently substantiated at least $18,600 in

22  future attorneys' fees.  *See* Notice ¶¶ 36-41.  Using Mr. Rothman's hourly rate of $425 (the lower

23  of the two), *see* Mot. at 10, Opp. at 16, $18,600 in fees translates to approximately 44 hours.  As

24  Defendant points out, an attorney handling an individual wage-and-hour case "typically spends far

25  more than 100 hours on the case."  *Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010

26  WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010); *see also Garcia v. ACE Cash Express, Inc.*, No.

27  SACV 14-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014).  Even if this case does

28  Case No.: 20-cv-03633-EJD
ORDER DENYING MOTION TO REMAND

United States District Court
Northern District of California

1   not reach trial, the Court has no trouble concluding that Plaintiff's counsel are likely to spend

2   another 44 hours on this case, particularly in light of the 19.90 hours already spent at this early

3   stage.  After all, the parties have yet to conduct any conferences pursuant to Federal Rules of Civil

4   Procedure 16 and 26(f), propound discovery, or engage in dispositive law and motion practice.

5   Notice ¶ 39.

6          The Court therefore finds that Defendant has met its burden of establishing at least $18,600

7   in future attorneys' fees by a preponderance of the evidence.  That suffices to meet the amount in

8   controversy requirement, even using Plaintiff's conservative estimate of probable damages.

9   **IV.     CONCLUSION**

10          Having rejected both of Plaintiff's objections to removal, the Court must DENY the

11   motion to remand.

12

13          **IT IS SO ORDERED.**

14

15   Dated: September 11, 2020

16                                                  _____

17                                                  EDWARD J. DAVILA
                                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28   Case No.: 20-cv-03633-EJD
     ORDER DENYING MOTION TO REMAND

United States District Court
Northern District of California