UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LILLIANA HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARAMARK FOOD AND SUPPORT SERVICES GROUP, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-03633-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 9 |

Presently before the Court is Defendant's Motion to Strike portions of the operative Complaint. The Court finds this motion suitable for decision without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Having considered the parties' submission, the record in this case, and the applicable law, the Court will GRANT IN PART and DENY IN PART the Motion to Strike.

**I.   BACKGROUND**

On April 1, 2020, Plaintiff Lilliana Hernandez commenced this wage and hour suit in the Superior Court of California for the County of Santa Clara. *See* Dkt. No. 1, Exhibit A ("Compl."). The Complaint alleges that her former employer, Defendant Aramark Food and Support Services Group, Inc. ("Aramark Food"), committed various violations of the California Labor Code and the California Business and Professions Code. *See id.*

On June 8, 2020, Defendant filed the instant Motion to Strike under Federal Rule of Civil Procedure 12(f), seeking to strike various portions of the Complaint. Dkt. No. 9 ("Mot."). As set forth in greater detail below, Plaintiff Lilliana Hernandez opposes the motion in part and

Case No.: 20-cv-03633-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

1

1   acquiesces to it in part.  *See* Dkt. No. 15 ("Opp.").  This Order follows full briefing.

2   **II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

The Ninth Circuit has made clear that "Rule 12(f) is not a proper way to procure dismissal of all or part of a complaint," *Brands v. First Transit, Inc.*, 278 F. App'x 722, 724 (9th Cir. 2008) (unpublished); that is the function of a Rule 12(b)(6) motion or Rule 56 motion.  *Whittlestone*, 618 F.3d at 973.  A court should only grant a motion to strike material for the five reasons specifically discussed in the rule—namely, if it is "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous."  *Id.*  A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  Similarly, "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Id.*  A matter is redundant if it needlessly duplicates other material in the complaint.  *Whittlestone*, 618 F.3d at 974.

"If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits."  *Ctr. for Food Safety v. Sanderson Farms, Inc.*, No. 17-CV-03592-RS, 2019 WL 8356294, at *1 (N.D. Cal. Mar. 18, 2019).  And "[a]s with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff."  *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1140 (N.D. Cal. July 21, 2010).

Case No.: 20-cv-03633-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

2

### III. DISCUSSION

Defendant moves to strike seven different categories of material from the Complaint: (1) all references to California Labor Code § 226; (2) all references to California Labor Code §§ 1174 and 1174.5; (3) all references to California Labor Code § 558; (4) all references to California Labor Code § 204; (5) all references to injunctive relief, restitution, and disgorgement in connection with Plaintiff's claim under California Business and Professions Code §§ 17200 *et seq.*; (6) Plaintiff's redundant reference to costs of suit in relief requested; and (7) Plaintiff's § 203 waiting time penalty claim and request for attorneys' fees and interest to the extent they are based upon the alleged failure to pay meal and rest period premiums under Labor Code § 226.7 or penalties under Labor Code § 203. *See* Mot. at 3-4. Plaintiff agrees that the first six categories may be stricken. Opp. at 3-4. Accordingly, the Court GRANTS as unopposed the motion to strike the following portions of the Complaint:

1. All references to California Labor Code § 226.
    - Page 10, lines 3-5, ¶ 43, the phrase "and resulted in violations of Labor Code § 226" because they resulted in the issuance of inaccurate wage statements" and "Further, Plaintiff is entitled to seek and recover statutory costs."
2. All references to California Labor Code §§ 1174 and 1174.5.
    - Page 7, line 23, ¶ 28, the words "1174" and "1174.5".
3. All references to California Labor Code § 558.
    - Page 7, line 23, ¶ 28, the word "558";
    - Page 11, lines 12-23, ¶ 50, in its entirety.
4. All references to California Labor Code § 204.
    - Page 7, line 23, ¶ 28, the word "204";
    - Page 8, lines 16-18, ¶ 33, the phrase "California Labor Code § 204";
    - Page 10, line 3-4, ¶ 43, the phrase "Defendants' failure to timely pay all wages owed also
    - violated Labor Code § 204";
    - Page 11, lines 24-28, ¶ 51, in its entirety;

Case No.: 20-cv-03633-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

3

- Page 12, line 1, ¶ 52, the word "204";
- Page 12, line 3, ¶ 53, the word "204";
- Page 14, lines 21-23, ¶ 67, the phrase "California Labor Code § 204";
- Page 89, line 4, ¶ 89, the word "204".

5. All references to injunctive relief, restitution, and disgorgement in connection with Plaintiff's claim under California Business and Professions Code §§ 17200 *et seq.*

- Page 7, line 27, ¶ 29, in its entirety;
- Page 17, lines 1-3, ¶ 83, in its entirety;
- Page 17, lines 9-11, ¶ 84, the phrase "and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld";
- Page 18, lines 7, ¶ 89, the phrase "including restitution of wages wrongfully withheld";
- Page 19, lines 3-4, ¶ 7, in its entirety.

6. Plaintiff's redundant reference to costs of suit in relief requested.

- Page 19, line 9, ¶ 12, in its entirety.

Mot. at 3-4.

On the other hand, Plaintiff objects to Defendant's seventh request. There are two components to this request. First, Defendant asks the Court to strike Plaintiff's claim under California Labor Code § 203—Count 6 of the Complaint, ¶¶ 70-75—to the extent it is predicated on the alleged failure to pay meal and rest period premiums upon termination. Mot. at 1. Second, Defendant asks the Court to strike Plaintiff's request for attorneys' fees and interests to the extent it is predicated on her claims for the alleged failure to provide meal and rest periods under Labor Code § 226.7, which are Counts 3 and 4 of the Complaint, ¶¶ 54-65. *Id.* at 1-2. The Court considers each in turn below.

**A.     Waiting Time Penalties under § 203 for Meal and Rest Period Claims**

Count 6 of the Complaint alleges that Defendant "failed to pay Plaintiff all wages due and certain at the time of termination or within seventy-two (72) hours of resignation." Compl. ¶ 72.

Case No.: 20-cv-03633-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

4

It further alleges that this violation entitles Plaintiff to waiting time penalties under California Labor Code § 203. *Id.* ¶ 75. Defendant seeks to strike this claim to the extent is based on meal and rest period premiums under California Labor Code § 226.7, which Plaintiff seeks in Counts 3 and 4 for failure to provide adequate meal and rest periods. Mot. at 6. Defendant contends that "such premiums do not constitute wages that can support a claim for waiting time penalties." *Id.* For this proposition, Defendant cites *Naranjo v. Spectrum Sec. Servs., Inc.*, 40 Cal. App. 5th 444, 473 (2019), *as modified on denial of reh'g* (Oct. 10, 2019)).

It is true that California Labor Code § 203, by its plain terms, covers only the failure to pay "wages." Cal. Labor Code § 203(a). However, Defendant's contention that meal and rest period premiums do not qualify as "wages" is not the proper subject of Rule 12(f) motion to strike. Defendant has not argued or shown that Plaintiff's claim is "redundant," "immaterial," "impertinent," or "scandalous." Rather, as in *Whittlestone*, Defendant asks to strike a claim for damages—here, waiting time penalties—on the ground that they are "precluded as a matter of law." 618 F.3d at 974. Such use of a Rule 12(f) motion is forbidden: "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law." *Id.* at 976.

Hence, though Defendant may very well be correct as a matter of California law, the Court lacks authority to strike in part Plaintiff's claim for waiting time penalties. Defendant's motion on this issue is therefore DENIED, without prejudice to Defendant renewing its argument in an appropriate motion.

**B.    Attorneys' Fees and Interest for Meal and Rest Period Claims**

Defendant's motion to strike in part Plaintiff's request for attorneys' fees and interest fails for the same reason. California Labor Code § 218.5 authorizes an award of attorneys' fees and costs for the prevailing party in "any action brought for the nonpayment of wages"; California Labor Code § 218.6 provides for "interest on all due and unpaid wages" in "any action brought for the nonpayment of wages." Defendant argues that Plaintiff's claims for meal and rest period

1  premiums under California Labor Code § 226.7 (Counts 3 and 4) do not qualify for the recovery
2  of attorneys' fees and interest because they are not "action[s] for the non-payment of wages."
3  Mot. at 5-6 (citing *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1259 (2012); *Culley v.
4  Lincare Inc.,* 236 F. Supp. 3d 1184, 1196 (E.D. Cal. 2017)).

This, like Defendant's motion as to waiting time penalties, is an argument that Plaintiff's claim for relief is precluded as a matter of law. As a result, pursuant to the Ninth Circuit's clear command in *Whittlestone*, the Court lacks authority to strike the relevant portions of the Complaint. Again, Defendant's interpretation of California may ultimately prove correct, particularly as Plaintiff failed to respond on the merits. The Court must nevertheless DENY the motion as to attorneys' fees and interest, without prejudice to Defendant renewing its argument in an appropriate motion.

IV.  **CONCLUSION**

As set forth in detail above, Defendant's Motion to Strike is hereby GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: September 11, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-03633-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE
6